**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ADVANCED MEDIA NETWORKS, LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 1:14-cv-1495-GMS |
| | ) | |
| CELLO PARTNERSHIP D/B/A VERIZON WIRELESS, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

| | | |
|---|---|---|
| ADVANCED MEDIA NETWORKS, LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | C.A. No. 1:14-cv-1518-GMS |
| | ) | |
| T-MOBILE US, INC.; AND T-MOBILE USA, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendants.* | ) | |

| | | |
|---|---|---|
| ADVANCED MEDIA NETWORKS, LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | C.A. No. 1:15-cv-142-GMS |
| | ) | |
| SPRINT COMMUNICATIONS, INC., SPRINT CORPORATION, BOOST WORLDWIDE, INC., VIRGIN MOBILE USA, INC., VIRGIN MOBILE USA, L.P., CLEARWIRE CORPORATION, AND CLEARWIRE COMMUNICATIONS, L.L.C. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendants.* | ) | |

| | |
|---|---|
| ADVANCED MEDIA NETWORKS, LLC, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>FCA US, LLC f/k/a CHRYSLER GROUP LLC )<br>)<br>*Defendants.* )<br>) | C.A. No. 1:15-cv-405<br><br>**JURY TRIAL DEMANDED** |
| ADVANCED MEDIA NETWORKS, LLC, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>UNITED STATES CELLULAR )<br>CORPORATION, )<br>)<br>*Defendant.* )<br>) | C.A. No. 15-131-GMS<br><br>**JURY TRIAL DEMANDED** |
| ADVANCED MEDIA NETWORKS, LLC, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>MERCEDES-BENZ USA, LLC, )<br>)<br>*Defendant.* )<br>) | C.A. No. 15-410-GMS<br><br>**JURY TRIAL DEMANDED** |
| ADVANCED MEDIA NETWORKS, LLC, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>VOLKSWAGEN GROUP OF AMERICA, )<br>INC. d/b/a AUDI OF AMERICA, INC., )<br>)<br>*Defendants.* )<br>) | C.A. No. 1:15-cv-420-GMS<br><br>**JURY TRIAL DEMANDED** |

# **PROPOSED SCHEDULING ORDER**[1]

This _____ day of _____ 2015, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on _____, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**. Unless otherwise agreed to by the parties or previously exchanged, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before thirty (30) days after Court's entry of Scheduling Order.

2. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before November 15, 2016.

3. **Reliance Upon Advice of Counsel**. Each defendant shall inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than thirty (30) days after Court's entry of Claim Construction Order. If a defendant elects to rely on advice of counsel as a defense to willful infringement, said defendant shall produce any such opinions on which that defendant intends to rely to plaintiff no later than fourteen (14) days of notifying counsel of reliance of counsel defense.

---

[1] Defendants Cellco Partnership d/b/a Verizon Wireless; T-Mobile US, Inc. and T-Mobile USA, Inc.; Sprint Communications, Inc., Sprint Corporation, Boost Worldwide, Inc., Virgin Mobile USA, Inc., Virgin Mobile USA, L.P., Clearwire Communication, and Clearwire Communications, L.L.C; and United States Cellular Corporation (together, the "Carrier Defendants") have filed a motion to stay the proceedings against them and, for the reasons provided in that motion, propose that no schedule be entered at this time. *See* C.A. No. 14-1495, D.I. No. 37; C.A. No. 14-1518, D.I. 37; C.A. No. 15-1412, D.I. No. 42; C.A. No. 15-131, D.I. No. 20. The remaining defendants also agree that their cases should be stayed if the Carrier Defendants' cases are stayed. Thus, all Defendants join in this proposed schedule solely to the extent that their requested stay is denied. Plaintiff AMN opposes Defendants' motion to stay and respectfully requests entry of the proposed schedule.

**4.** *__Markman__ Claim Construction Hearing*. A *Markman* claim construction hearing shall be held on January __, 2017 at _.m. The *Markman* hearing is scheduled for a total of 4 hours with each side having 2 hours. On or before August 17, 2016, the parties[2] shall simultaneously exchange a list of claim terms, phrases or clauses that the parties believe should be construed by the Court. On or before September 21, 2016, the parties shall simultaneously exchange claim constructions as well as intrinsic evidence, and identify any terms for which a party may submit expert testimony. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues by September 28, 2016. On or before October 12, 2016, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The plaintiff shall submit to the court, a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on the same day as the answering claim construction briefs. The parties shall file opening claim construction briefs on November18, 2016, and answering claim construction briefs on December 21, 2016. Briefing will be presented pursuant to the court's Local Rules.

**5.** **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before May 31, 2017. Opening expert reports on issues on which a party bears the burden of proof shall be served on or before June 30, 2017. Rebuttal expert reports shall be served on or before July 28, 2017. Expert Discovery in this case shall be initiated so that it will be completed on or before August 23, 2017.

---

[2] With respect to the claim construction procedure, all Defendants collectively shall provide one joint submission for each exchange or brief.

        a.    **Discovery and Scheduling Matters**:  Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **Joint Letter Agenda**, which is **non-argumentative**, not to exceed two (2) pages outlining the issue(s) in dispute.  A sample letter can be located on this court's website at www.ded.uscourts.gov.  After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference.  Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**.  The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

      **6.**    **Confidential Information and Papers filed under Seal**.  Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within thirty (30) days from the date of entry of this order.  When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

    **If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate Judge for the purpose of exploring the possibility of a settlement. The parties shall wait to be contacted by the assigned United States Magistrate Judge.

8. **Summary Judgment Motions**. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court on or before September 15, 2017. Answering letter briefs shall be no longer than five (5) pages and filed with the Court on or before September 29, 2017. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before October 13, 2017. If the Court determines that argument is necessary to assist in the resolution of any request to file summary judgment, it shall notify the parties of the date and time on which the Court will conduct a telephone conference to hear such argument. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9. **Case Dispositive Motions**: To the extent permitted, all case or issue dispositive motions and opening briefs in support thereof shall be served and filed within fourteen (14) days of service of the Court's decision to permit the filing of such motions. Answering briefs shall be served and filed within thirty (30) days after filing and service of opening motions and supporting briefs. Reply briefs in support of dispositive motions shall be served and filed within fourteen (14) days after service and filing of answering briefs. Briefing will be presented pursuant to the Court's Local Rules. The parties may agree on an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

10.     **Applications by Motion**.  Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.     **Oral Argument**.  If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

12.     **Trial Scheduling Conference**.  On November __, 2017 at ____ _ m, the Court will hold a conference to discuss the order and scheduling of trials.  The parties shall submit a joint status letter setting forth their positions on trial scheduling one week in advance of the trial scheduling conference.

13.     **Pretrial Conference**.  On February ___, 2018, beginning at _____.m., the Court will hold a Pretrial Conference for the first scheduled trial, in Chambers for Jury trials and via telephone for Bench trials, with counsel.  Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov.  Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft.  Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant proposes to include in the proposed pretrial order.  **Motions *in limine*[3]:** **NO MOTIONS *IN LIMINE* SHALL BE FILED**; instead, the parties shall be prepared to

---

[3] The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To Raise."

address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day).  The parties shall file with the court the **joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov on or before 14 days before the Pretrial Conference.

    14.    **Trial**.  A first trial in these matters is scheduled for a five (5) day jury trial beginning at 9:30 a.m. on March ____, 2018.

    15.    **Scheduling**:  The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____  
The Honorable Gregory M. Sleet  
United States District Judge